**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 15-cr-00265-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RONALD NEWSOM

      Defendant.

---

**PROTECTIVE ORDER**

---

The Court has ordered disclosure of certain Denver Police Department records relating to non-party Damon Bowser. With respect to those records, a Protective Order is entered with the following terms:

a. Access to any material provided is restricted to the parties; counsel of record for each party and their secretarial, clerical, and paralegal staff; and experts or other individuals retained for the purposes of the litigation.

b. Copies of the materials may be provided only to counsel of record, counsel's staff, and experts or other individuals retained for the purposes of the litigation. Copies of the materials shall not be provided to the Defendant.

c. All copies of the produced documents must be returned to the Court at the conclusion of the case to be retained in a sealed file as part of the Court file.

d. Release of any information contained in the files is to be produced and used solely for the purposes of this case.

e. The Court shall retain continuing jurisdiction for purposes of enforcing compliance with the Protective Order issued in this case and any violation may subject the offending party to court sanctions.

f.  It shall be the responsibility of counsel of record to ensure that his or her client(s) be apprised of the Protective Order in this case and that the client understands the terms of said Protective Order prior to any disclosure of the documents or information contained in the files to be produced.

g.  Prior to disclosure, the requesting party must pay all costs associated with the photocopying and production of any records that are produced pursuant to the invoice provided by the Denver Police Department.

h.  The Denver Police Department shall be permitted leave to redact the following prior to releasing the documents to Defendant's counsel: (1) personal information such as dates of birth, social security numbers, home addresses, and phone numbers; (2) all healthcare information protected by HIPAA; (3) information pertaining to juveniles and sexual assault victims; (4) information protected by any evidentiary privilege recognized in Colorado or under federal law; and (5) names and other identifying information of confidential informants or undercover officers

i.  Any individual whose protected information will be introduced as evidence in any hearing or trial may request that the courtroom be sealed during the presentation of such evidence. However, the Court will not exclude the Defendant from the courtroom at that time.

BY THE COURT:

_____
The Honorable William J. Martinez
United States District Judge